NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3268

ROBIN CRUMPTON,

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.

David O'Brien Suetholz, Segal Lindsay & Janes, PLLC, of Louisville, Kentucky, for petitioner.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3268

ROBIN CRUMPTON,

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752070563-I-1

_____

DECIDED:  March 6, 2009

_____

Before GAJARSA, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

Robin Crumpton seeks review of the final decision of the Merit Systems Protection Board ("Board") sustaining her removal from her position as a Statistical Clerk with the Bureau of the Census, a part of the Department of Commerce ("agency"). Crumpton v. Dep't of Commerce, No. CH0752070563-I-1 (April 14, 2008).  We affirm.

I

Ms. Crumpton was removed from her position effective June 29, 2007, for alleged falsification and misrepresentation of documents and absence without leave. She appealed her removal to the Board and was afforded a hearing before

Administrative Judge ("AJ") Julia Packard. The AJ concluded that the agency proved by preponderant evidence that Ms. Crumpton submitted false medical documentation and misrepresented her request for leave. The AJ also found that Ms. Crumpton had been absent without leave for 101 hours from July 13-31, 2006. Finding a nexus between the proven charges and the agency's ability to perform its mission, no harmful procedural error, and the penalty of removal to be reasonable, the AJ sustained the agency's removal action.

II

Ms. Crumpton sought review of the AJ's decision before the full Board. The Board's order denying her petition for review noted that there may be an issue concerning the timeliness of her petition for review before the full Board. The Board, however, expressly stated that "[w]e have not decided that issue because we conclude that there is no new, previously unavailable, evidence <u>and that the administrative judge made no error in law or regulation that affects the outcome</u>" (emphasis added). The Board therefore finally denied the petition for review. Ms. Crumpton then timely sought review in this court.

III

The scope of our review of a final Board decision is limited by statute. We must affirm a final Board decision unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. Factual findings must be supported by substantial evidence. 5 U.S.C. § 7703(c).

The only argument mounted by Ms. Crumpton before this court is that the Board abused its discretion by denying her petition for review on the grounds that it was untimely.  She does not argue that the AJ was wrong on the merits of her case.

The Board's final decision is quite clear: it saw a potential timeliness issue in Ms. Crumpton's petition for review but it exercised its discretion to overlook that issue.  The Board concluded that no error had been committed by the AJ.  In sum, the Board affirmed the AJ's decision on the merits: the agency sustained its charges by preponderant evidence and the penalty of removal was reasonable in the circumstances.  We therefore must affirm the Board's final decision.

COSTS

No costs.